**Wayne J. PARKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2002–SC–0142–MR.**

Supreme Court of Kentucky.

Nov. 21, 2002.

As Amended Nov. 26, 2002.

Richard Hoffman, Asst. Public Advocate, Frankfort, for Appellant.

A.B. Chandler III, Atty. Gen., Janine Coy Bowden, Asst. Atty. Gen., Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a conditional guilty plea which convicted Parks of murder, first-degree robbery and being a first-degree persistent felony· offender. He was sentenced to a total of twenty years in prison.

The sole question presented is whether the trial judge properly denied the motion to dismiss the indictment following the failure of the Commonwealth to bring Parks to trial within 120 days of his return to Kentucky under KRS 440.450, the Interstate Agreement on Detainers.

On April 10, 1999, Parks murdered the victim by stabbing her with a knife while committing a robbery at a convenience store. On September 7, 1999, he was indicted for murder, first-degree robbery and being a first-degree persistent felony offender. At the time of his indictment, Parks was incarcerated in Evansville, Indiana, on unrelated charges. He was later transferred to the Pendleton Correctional Facility in Pendleton, Indiana where he began serving a forty-year sentence.

On August 17, 2001, Parks was extradited to Kentucky to face charges here. One month later at a scheduling conference attended by Parks, his counsel and the Commonwealth, the trial judge set a trial date for February 19, 2002. Parks signed an Acknowledgment of Scheduled Court Appearance form, acknowledging his trial date.

On January 14, 2002, Parks filed a motion to dismiss the indictment for failure to bring him to trial within 120 days of arriving in Kentucky pursuant to KRS 440.450. The trial judge denied the motion. Two weeks before his scheduled trial, Parks entered a conditional guilty plea to the charges reserving his right to appeal the order of the trial judge denying his motion to dismiss. The trial judge sentenced him to twenty years each on the murder and robbery charges to be served concurrently with each other but to be served consecutively to the 40–year Indiana sentence. This appeal followed.

Parks argues that the trial judge erred to his substantial prejudice when he refused to dismiss the indictment against him following the Commonwealth's failure

to bring him to trial within 120 days of his return from Indiana to Kentucky as mandated by KRS 440.450 Article IV(3). We disagree.

■ The Interstate Agreement on Detainers is a compact entered into by forty-eight states, the United States and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. *See New York v. Hill*, 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). As a congressionally sanctioned interstate compact within the Compact Clause of the U.S. Constitution, the IAD is a federal law subject to federal construction. *Hill, supra.*

Kentucky is a party to the agreement which is set out in KRS 440.450. Article V(3) of that statute reads as follows:

If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

The time period referred to in the preceding section is found in Article IV(3) which states:

In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Here, Parks was extradited to Kentucky on August 17, 2001. Because the Interstate Agreement on Detainers was at issue, the Commonwealth had until December 15, 2001 to bring these charges to trial. Parks, however, was not set to be tried until February 19, 2002, 66 days beyond the mandated time period. The Commonwealth does not contest these dates.

■ Although it is clear that the 120–day time limitation of the IAD was violated, it is also clear from the record that Parks waived his right to complain of the violation by acquiescing to be tried outside the required time period. At the September 17, 2001 scheduling conference the following colloquy took place:

Judge: Is this for pretrial? How long would you anticipate the length of this trial to be?

Com: I'm not sure what their side has, I would say our side would probably wrap up in about two-three days.

Judge: And how long would you anticipate or project that the defense would last?

Def: It's hard to project at this time, your honor, depending on the nature of the expert testimony that may be developed.

Judge: How about February 19th?

Com: (No response)

Def: (No response)

Judge: Mr. Parks your trial date is set here in the Henderson Circuit Court for February 19th. Just sign this document that just acknowledges what I have spoke to. You will be given a copy of that for your records.

The claims by Parks concerning his and his trial counsel's knowledge about the IAD at the time the trial date was set are purely speculative and wholly without merit. Furthermore, his reliance on *Roberson v. Commonwealth,* Ky., 913 S.W.2d 310

(1994) is in error because that case is no longer the controlling authority on the issue of waiver. See *Ward v. Commonwealth,* Ky.App., 62 S.W.3d 399 (2001) which correctly recognized that *Hill* has superseded and pre-empted *Roberson, supra.*

*Hill* held that a defendant implicitly waives the IAD's time limits when he or his counsel agrees to a trial date outside those limits. In rejecting the argument that waiver is possible only by affirmative conduct, the *Hill* court stated:

> Finally, respondent argues that even if waiver of the IAD's time limits is possible, it can be effected only by affirmative conduct not present here. The New York Court of Appeals adopted a similar view, stating that speedy trial rights guaranteed by the IAD may be waived either "explicitly or by an affirmative request for treatment that is contrary to or inconsistent with those speedy trial rights." 92 N.Y.2d at 411, 681 N.Y.S.2d at 778, 704 N.E.2d, at 545. The court concluded that defense counsel's agreement to the trial date was not an "affirmative request" and therefore did not constitute a waiver. *Id.* at 412, 681 N.Y.S.2d at 779, 704 N.E.2d at 546. We agree with the State that this makes dismissal of the indictment turn on a hypertechnical distinction that should play no part. As illustrated by this case, such an approach would enable defendants to escape justice by willingly accepting treatment inconsistent with the IAD's time limits, and then recanting later on. Nothing in the IAD requires or even suggests a distinction between a waiver proposed and waiver agreed to. In light of its potential for abuse—and given the harsh remedy of dismissal with prejudice—we decline to adopt it.

*Id.,* 528 U.S. at 118, 120 S.Ct. at 666, 145 L.Ed.2d at 569. Pursuant to *Hill,* the agreement by Parks to a trial date beyond the limits of the IAD constituted a waiver of his speedy trial rights.

The attempt by Parks to distinguish *Hill* is unconvincing. We disagree with the contention that *Hill* does not apply because it addressed an Article III violation. The reasoning and language of *Hill* quoted above rejects such an argument. *See Ward, supra.* But see *United States v. Crozier,* 259 F.3d 503 (6th Cir.2001). *Crozier, supra,* however, has no application here because it involved a continuance. *Hill* controls. The trial judge correctly denied the motion to dismiss.

The judgment of conviction is affirmed.

All concur.